UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMANI BATTLE,<br><br>Defendant | Criminal No. 1:23-cr-10253-FDS<br><br>Violations:<br><br>Count One: Distribution of and Possession with Intent to Distribute 400 Grams or More of Fentanyl<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi))<br><br>Count Two: Transfer and Possession of a Machinegun<br>(18 U.S.C. § 922(o))<br><br>Count Three: Engaging in the Business of Dealing in Firearms Without a License<br>(18 U.S.C. § 922(a)(1)(A))<br><br>Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

SUPERSEDING INFORMATION

COUNT ONE
Distribution of and Possession with Intent to Distribute
400 Grams or More of Fentanyl
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi))

The United States Attorney charges:

On or about April 26, 2023, in Boston, in the District of Massachusetts, the defendant,

AMANI BATTLE,

did knowingly and intentionally distribute and possess with intent to distribute 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vi).

COUNT TWO
Transfer and Possession of a Machinegun
(18 U.S.C. § 922(o))

The United States Attorney further charges:

On or about April 7, 2023, in Boston, in the District of Massachusetts, and elsewhere, the defendant,

AMANI BATTLE,

did knowingly transfer and possess a machinegun, as defined in Title 18, United States Code, Section 921(a)(24) and Title 26, United States Code, Section 5845(b), that is, a machinegun conversion device, a part designed and intended solely and exclusively, and combination of parts designed and intended, for use in converting a weapon into a machinegun.

All in violation of Title 18, United States Code, Section 922(o).

COUNT THREE
Engaging in the Business of Dealing in Firearms Without a License
(18 U.S.C. § 922(a)(1)(A))

The United States Attorney further charges:

On or about diverse dates between March 30, 2023 and April 26, 2023, in Boston, in the District of Massachusetts, and elsewhere, the defendant,

AMANI BATTLE,

not being a licensed importer, manufacturer or dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, did willfully engage in the business of dealing in firearms, including by dealing in the following:

  a. Two Polymer 80 9mm firearms;

  b. Three machinegun conversion devices capable of converting a weapon into a machinegun; and

  c. Pioneer Arms Corp. pistol bearing serial number PAC1117034322.

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The United States Attorney further charges:

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 841(a)(1), set forth in Count One, the defendant,

AMANI BATTLE,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The United States Attorney further charges:

1. Upon conviction of one or more of the offenses in violation Title 18, United States Code, Sections 922(o) and 922(a)(1)(A), set forth in Counts Two and Three, the defendant,

AMANI BATTLE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

a. Two Polymer 80 9mm firearms;

b. Three machinegun conversion devices capable of converting a weapon into a machinegun;

c. Pioneer Arms Corp. pistol bearing serial number PAC117034322;

d. Ruger 57 firearm bearing serial number 642-05011;

e. One black magazine with 22 FN 5.7x28mm rounds;

f. One bag containing seven magazines and one plastic ETS magazine for glock bag;

g. One bag containing 108 FN 5.728mm rounds, five 45 caliber rounds, five 9mm hollow point rounds and one unidentified 9mm round;

h. One empty black holster;

i. One bag containing three black magazines with ammunition;

j. One finger press with accessories;

k. One bag containing SanaB 7.62x39 (1), tulammo 7.62x39 (5), PPU217.62x39, two unidentified live rounds, and 45 caliber nornady; and

6

      l. One bag containing eight 9mm live rounds, two hollow tip 9mm rounds, three live 40 caliber rounds and two unidentified rounds.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

                                                    JOSHUA S. LEVY  
                                                    Acting United States Attorney

                    By:    */s/ Sarah Hoefle*  
                          SARAH HOEFLE  
                          Assistant U.S. Attorney

Date: May 22, 2024